IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN MCMULLIN, MICHELLE MCMULLIN, GBW REALTY, INC., and GRACE & THE DUDES, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>HARLEYSVILLE INSURANCE COMPANY, INC., THE HARTFORD INSURANCE COMPANY OF THE MIDWEST, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUSCRIBING TO POLICY NUMBER CSWBIFIC0782, BROOKS INSURANCE AGENCY, and THE DEMONACO AGENCY, INC.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>14-7537 (JBS/KMW)<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Plaintiffs bring this action against their insurers, seeking to recover the insurance benefits purportedly owed to Plaintiffs as a result of the severe damage caused to their commercial property during Hurricane Sandy. (See Compl. at ¶¶ 1-30.)  Hartford Insurance Company, Inc. (hereinafter, "Hartford") removed this action from the Superior Court of New Jersey on December 3, 2014.  Plaintiffs now move to remand this matter to the state court on the grounds that the Court lacks jurisdiction over Plaintiffs' claims, and due to a procedural defect in Hartford's removal. (See Pls.' Br. [Docket Item 10].)  For the

reasons that follow, Plaintiffs' motion will be denied. The Court finds as follows:

    1.   In their Complaint, Plaintiffs generally allege that Hurricane Sandy caused catastrophic damage to their commercial property. (See Compl. at ¶ 20.) Subsequent to the storm, Plaintiffs submitted claims under their flood insurance policy with Hartford, their commercial property policy with Lloyds of London (hereinafter, "Lloyds"), and their businessowners policy with Harleysville Insurance Company (hereinafter, "Harleysville"). (See id. at ¶¶ 3, 5, 8, 21) Despite Plaintiffs' asserted entitlement to insurance coverage and benefits, Plaintiffs allege that Defendants actively avoided "their respective obligations to provide coverage and/or benefits," opting instead to decline full and/or partial coverage for Plaintiffs' otherwise covered claims. (See id. at ¶¶ 26-30.) Plaintiffs therefore allege that such declination breached the express and implied terms and conditions of Defendants' respective insurance policies.[1] (Id. at 5-7, 10-15.)

---

[1] In addition, Plaintiffs allege that the insurance brokers and agents responsible for arranging Plaintiffs' insurance coverage, Brooks Insurance Agency (hereinafter, "Brooks") and the Demonaco Agency, Inc. (hereinafter, "Demonaco"), breached their fiduciary obligations, and committed professional negligence and fraud, by recommending the disputed insurance policies and failing to timely process certain premium payments. (See Compl. at 7-10, 15-17.)

2

2. In the pending motion, Plaintiffs argue that the Court lacks jurisdiction over Plaintiffs' Complaint because Plaintiffs' claims "simply" fail to involve "a 'substantial' question of federal law." (Pls.' Br. at 4, 7; see also Pls.' Reply at 4.) Indeed, Plaintiffs insist that any issues concerning Plaintiffs' flood insurance policy—questions that Plaintiffs appear to concede arise under federal law—comprise too trivial a portion of Plaintiffs' Complaint for the Court to properly exercise federal question jurisdiction. (Pls.' Br. at 7-8; Pls.' Reply at 6-13.) In addition, Plaintiffs argue that their non-flood claims rely upon "separate acts performed by separate entities [and] based [upon] separate theories," and therefore lack sufficient relation to support an exercise of supplemental jurisdiction over their remaining, non-flood claims. (Pls.' Reply at 8.) For these reasons, Plaintiffs submit that this action must be remanded to the state court in its entirety or, in the alternative, that Plaintiffs' "'separate and independent'" state law claims must "be severed and remanded."[2] (Pls.' Br. at 10.)

---

[2] Plaintiffs also argue that Hartford violated the rule of unanimity by removing this action to federal district court without first obtaining the consent of Harleysville and Lloyds. (See Pls.' Br. at 10-12.) A violation of the rule of unanimity, however, constitutes a procedural defect subject to waiver if the plaintiff fails to object within 30 days after removal. See 28 U.S.C. § 1447(c); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). As stated above, Hartford removed this action on

3

3. Defendants counter, however, that the National Flood Insurance Act, namely, 42 U.S.C. § 4072, provides the Court with original and exclusive jurisdiction over Plaintiffs' flood claims against Hartford. (Hartford's Opp'n at 5-8; Harleysville's Opp'n at 4.)[3] In addition, because the crux of this litigation concerns the alleged damage to Plaintiffs' property as a result of Hurricane Sandy, and the subsequent handling of Plaintiffs' insurance claims, Defendants argue that the remaining claims bear sufficient factual relation for purposes of supplemental jurisdiction. (See Harleysville's Opp'n at 5; Hartford's Opp'n at 8.)

4. When deciding whether an action originally filed in state court alleges a federal claim, courts consider whether the plaintiff's "well-pleaded complaint" contains an essential

---

December 3, 2014; Plaintiffs, however, did not raise any rule of unanimity issue until January 8, 2015, 36 days following removal. Such delay waived Plaintiffs' ability to challenge Hartford's removal on procedural grounds. See Lewis, 757 F.2d at 68. In so concluding, the Court follows the weight of authority finding the three day extension under Federal Rule of Civil Procedure 6(d) ineffective "to extent the § 1447(c) time period." Ramos v. Quien, 631 F. Supp. 2d 601, 609 (E.D. Pa. 2008); see also Gola v. City of Phila., No. 09-5037, 2011 WL 2313147, at *2 n.1 (E.D. Pa. June 30, 2011) (same); N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 401–02 (D.N.J. 2005) (same). The Court therefore rejects Plaintiffs' procedural argument as a basis to remand this action.

[3] Lloyds filed no formal brief in opposition to Plaintiffs' motion, but filed a brief submission indicating that it opposes Plaintiffs' "attempt to remand this action to state court" for the reasons set forth in Hartford's and Harleysville's Oppositions. [Docket Item 18.]

4

federal question. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  The mere presence of a federal issue in a state claim does not, however, automatically confer federal jurisdiction.  See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Rather, federal question jurisdiction arises when state-law claims "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, "a plaintiff may not defeat removal by [failing] to plead necessary federal questions in a complaint." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22 (1983).

5.   Despite Plaintiffs' position in the pending motion, Plaintiffs' Complaint makes clear that their claims involve, at least in part, a standard flood insurance policy (hereinafter, "SFIP") issued by Hartford, a write-your-own insurer (hereinafter, a "WYO"), pursuant to the National Flood Insurance Program (hereinafter, "NFIP"). (See generally Compl.)  Indeed, Plaintiffs specifically appended the NFIP's General Property Form for SFIPs in connection with the pending motion. (See Pls.' Reply, Ex. A.)  The Court therefore notes that the NFIP grants original and exclusive jurisdiction to federal district courts for all lawsuits against FEMA or a WYO insurer regarding an NFIP claim.  See 42 U.S.C. § 4072; see also Palmieri v.

5

Allstate Ins. Co., 445 F.3d 179, 185-86 (3d. Cir. 2008); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1998). Indeed, all SFIPs, including the disputed SFIP in this instance, contain the following provision:

> This policy <u>and all disputes arising from the handling of any claim</u> under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 ..., and Federal common law.

44 C.F.R. pt. 61, app. (A)(1), art. IX (emphasis added). (<u>see also</u> Pls.' Reply, Ex. A at 17.)  Federal law therefore preempts all state law causes of action that, as here, arise from the handling of SFIP claims by a WYO insurance company.  <u>See</u> <u>Palmieri</u>, 445 F.3d at 187.

6.    Therefore, although Plaintiffs' Complaint nowhere references federal law, Plaintiffs' allegations nonetheless implicate federal law to the extent Plaintiffs assert claims against Hartford, a WYO insurance provider governed by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4131 (hereinafter, the "NFIA").  Indeed, three counts of Plaintiffs' Complaint squarely concern Hartford's purportedly improper handling of Plaintiffs' SFIP claim.  (<u>See</u> Compl. at ¶ 3 (alleging that Hartford issued a flood insurance policy for the disputed property), 5-7, 10-12 (alleging that Hartford breached the insurance policy, and its fiduciary duty, by "refusing to honor" Plaintiffs' claims).)  Consequently, though couched in

6

slightly varied terms, the substance of Plaintiffs' claims against Hartford arise under federal law, and the Court, accordingly, possesses original and exclusive federal jurisdiction over such claims under 42 U.S.C. § 4072.[4] See Van Holt, 163 F.3d at 176; see also Bd. of Directors of Rough Riders Landing Homeowners Ass'n, Inc. v. Signature Grp., LLC, 989 F. Supp. 2d 239, 242 (E.D.N.Y. 2013) (generally noting that claims concerning the disallowance of flood claims fall within the core provisions of the NFIA, and denying the plaintiff's motion to remand); Residences at Bay Point Condo. Ass'n, Inc. v. Standard Fire Ins. Co., No. 13-2380, 2013 WL 6252692 (D.N.J. Dec 04, 2013) (same). In addition, because Plaintiffs' allegations concerning the mishandling of their SFIP claim require the interpretation of federal law, Plaintiffs' claims also depend upon the resolution of a "'substantial question of federal law,'" and the Court therefore possesses federal question

---

[4] Plaintiffs' assertion of a state tort claim against Hartford for breach of fiduciary duty requires no different conclusion. (See Compl. at 10-12.) To the contrary, the Court of Appeals has specifically concluded that the NFIA vests federal district courts with exclusive and original jurisdiction over both federal law contract and state law tort claims arising from the adjustment of flood insurance polices. See Van Holt, 163 F.3d at 176 ("We now determine that Congress, had it considered the specific question, would have intended to confer original exclusive jurisdiction on the district court over claims sounding in tort arising out of the investigation or adjustment of insurance policies arising out of the administration and sale of insurance under the NFIA.") Therefore, this claim also falls within the confines of the Court's original and exclusive jurisdiction.

jurisdiction under 28 U.S.C. § 1331, as well.  <u>Morris v. Simsol Ins. Servs.</u>, No. 13-2514, 2013 WL 6590584, at *4 (W.D. La. Dec. 16, 2013) (denying a motion to remand under 42 U.S.C. § 4072 and 28 U.S.C. § 1331, because the plaintiff's claims concerned, in part, the mishandling of an NFIP flood claim).  For all of these reasons, the Court concludes that it has federal jurisdiction over Plaintiffs' claims arising from the adjustment of Plaintiffs' federal flood insurance policy with Hartford,[5] and therefore turns to whether the Court's jurisdiction extends to the entire litigation.

    7.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  In order to evaluate the propriety of supplemental jurisdiction in this instance, the Court must determine whether

---

[5] As stated above, the operative inquiry concerns whether Plaintiffs' well-pleaded Complaint arises, even if only in part, under federal law.  Plaintiffs' efforts to informally resolve their dispute with Hartford and/or Hartford's partial payment therefore bears no impact on whether the allegations arise under federal law, particularly because the claims against Hartford remain pending in this litigation. (<u>See</u> Pls.' Br. at 7 (arguing that claims against Hartford are "not 'in the forefront of this case' and 'could be properly handled by the state court'" because dispute with Hartford has purportedly been resolved in part).)

8

the circumstances of this action meet three requirements. See 28 U.S.C. § 1367. First, "'[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court.'" Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (citation omitted). Second, the federal claim and pendent state law claims "'must derive from a common nucleus of operative facts.'" Id. (citation omitted). Third, the Court must consider whether Plaintiffs' claims "'would ordinarily be expected'" to arise in one judicial proceeding. Id. (citation omitted).

8. Given Plaintiffs' allegations, the Court finds it appropriate to exercise supplemental jurisdiction over the entirety of Plaintiffs' Complaint. First, for the reasons stated above, the Court finds that Plaintiffs' federal flood claims possess the requisite substantiality, particularly given the pervasive federal scheme under which such claims arise. See Signature Grp., LLC, 989 F. Supp. 2d 239, 242 (quoting Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc., 213 F.Supp.2d 586, 590 (D.S.C. 2002)) (finding that flood claims implicate "both a 'uniquely federal interest' (particularly, given that 'the United States ... bears the risk of any potential premium refund') and a federal policy requiring" uniform interpretation of the NFIA, and the regulations promulgated thereunder). Second, despite

9

Plaintiffs' assertions, Plaintiffs' claims rely upon an inextricably linked and identical factual predicate, as the Complaint itself explains. Indeed, Plaintiffs' Complaint principally hinges upon Plaintiffs' assertions that Defendants improperly handled Plaintiffs' insurance claims in the aftermath of Hurricane Sandy (id. at 5-7), in breach of Defendants' express and implied obligations under their respective insurance policies. (Id. at 7-17.) The common threads through Plaintiffs' Complaint concern the nature of the damage to Plaintiffs' commercial property, and whether such damage entitled Plaintiffs to insurance benefits under one and/or all of Plaintiffs insurance policies with Defendants. Indeed, Plaintiffs' non-flood claims rely upon allegations substantively identical to those alleged in connection with Plaintiffs' flood claims. (Compare Compl. at 5-7.) The Court therefore concludes that Plaintiffs' non-flood state law claims share a factual predicate common, if not identical, to Plaintiffs' federal flood claims. See Morris, 2013 WL 6590584, at *4 (finding supplemental jurisdiction "clearly available" as to the plaintiff's essentially "identical" non-flood claims). Finally, with regard to the third requirement, the Court follows the numerous federal courts that have deemed non-flood claims asserted in connection with federal flood claims logically litigated together for the purposes of supplemental jurisdiction. (Harleysville's Opp'n at

10

5 (citing a litany of cases finding supplemental jurisdiction appropriate under analogous circumstances).) Indeed, the Court finds the retention of such claims in a single action warranted and rationally expected, particularly where, as here, the claims rely upon substantively identical allegations.[6] See Morris, 2013 WL 6590584, at *4. For all of these reasons, the Court finds it appropriate to exercise supplemental jurisdiction over Plaintiffs' state non-flood claims.

9. In sum, because the Court possesses original and supplemental jurisdiction over Plaintiffs' Complaint pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a),

---

[6] Plaintiffs' assertion of direct claims against their insurance broker and agent compels no contrary conclusion. Indeed, Plaintiffs' breach of fiduciary duty claim against the insurance broker and agent similarly hinges upon such entities involvement in Defendants' purportedly improper handling of Plaintiffs' insurance claims. (See generally Compl. at 7-10.) Therefore, the Court finds that this claim also bears sufficient factual commonality for the purposes of supplemental jurisdiction. The Court notes, however, that Plaintiffs' professional negligence and fraud claims against DeMonaco, Plaintiffs' insurance agent, appear to concern only DeMonaco's handling of Plaintiffs' commercial property insurance with Lloyds. (See id. at 15-17.) That fact alone, however, does not warrant the severance of these claims, nor the remand of this action in its entirety, because such claims will invariably rely upon at least some facts common to Plaintiffs' other claims. Consequently, in the interests of judicial economy, the Court finds the exercise of supplemental jurisdiction over these claims appropriate. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) (noting that supplemental jurisdiction "promotes 'judicial economy, convenience and fairness to litigations'") (citation omitted).

11

Plaintiffs' motion to remand will be denied.  An accompanying Order will be entered.

**February 11, 2015**                         **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge